## DAVID FRILEY et al. *v.* DANIEL W. HENDRICKS.

The legal object and effect of a bill of review being to have the decree examined and reversed, it is *held* to be indispensable that all the parties to the original decree must be included, and if they are dead, their representatives must be made parties.

If the bill filed in this case be regarded not as a bill of review, which it assumes to be, but as an original bill for relief against H., still the mere reversal of the decree it seeks to make void, would not divest the rights of the purchaser, who was neither a party or privy to the decree, and against whose equity no just charge is made.

IN error from the circuit court of Yazoo county; Hon. Robert C. Perry, judge.

The facts of the case will be found in the opinion of the court.

*E. C. Wilkinson* for appellant.

1. No day is given the heirs by the decree to show cause against it after their majority; a violation of a rule of chancery too familiar to require support from books. The court is, however, referred to Robinson's Pract. 403, 416.

In this case, the error being apparent on the face of the decree, a bill of review lies of right, and without affidavit.

2. There was no proof of any thing alleged in the bill, and there can be no valid decree against an infant by default, nor on his answer by his guardian, but the plaintiff must prove his demand in court, and the infant must have his day to show cause, and be served with process to do so. 3 J. Ch. 367.

The answer of an infant by his guardian is not evidence against him. Com. Dig. tit. "Testmoigne," C. 3; 3 Modern, 259; 2 Ventriss, 72.

In a bill of review an infant may show that he had grounds of defence which were not insisted on at the hearing. Daniell's Practice, 222, and 4 S. & M. 711; and it is apparent there was far more of the property sold than was necessary, and it was error, therefore, to confirm the report of sales. *James* v. *Fisk*, 9 S. & M. 154. The errors complained of are, however, all stated, I think, in the bill of review.

3. As to the predicament that Hendricks, the purchaser, occupies, 3 S. & M. 749.

From the reasons stated, and the authorities cited, it is submitted to the court, if this decree ought not to be avoided, as to the defendants, who were infants within three years before the exhibition of the bill of review. But it is with equal confidence insisted that the decree is null as to all the defendants; and for additional authorities on this head, see 3 How. U. S. C. p. 7, 8; *Griffith* v. *Frazier*, 1 How. Miss. R. 440; 2 How. U. S. C. p. 335.

In cases where the subject-matter is not within the jurisdiction of the court, the objection may be taken at any time, for answering does not (even in the case of an adult) give jurisdiction. *Aliter* if the court has jurisdiction of the subject-matter and not of the case. 2 Caine's Cases in Error, 40; 1 Ves. 446.

That an infant may impeach a decree affecting him, by original bill. Daniell's Ch. Practice, 222.

*Wm. Battaile* on the same side.

1. A bill of review is in nature of a writ of error. Story's Eq. Plead. § 403.

2. A bill of review must be against the parties to the original suit. Story's Eq. Plead. § 420.

3. Being an original bill as to the only defendant, the court below had no jurisdiction.

4. Defendant, as a purchaser under the decree, could not be affected by its reversal. 4 Kent, note B. p. 436; 8 S. & M. 197; 13 Ib. 183; 8 Ib. 773.

5. Equity had originally jurisdiction when lands became in any way charged with payment of debts. 1 Story, Eq. § 551, 552; 2 Ib. § 1216.

35 *

6. Having the jurisdiction, it was not deprived of it by the grant of like power to the probate court. 1 Story, Eq. § 80.

7. Probate court cannot have exclusive jurisdiction to compel administration, else the administrator could not be sued at law for debt or legacy. Payment of debt from proceeds of personal property, or real estate, equally an act of administration.

8. Error for discovery of new fact cannot be insisted upon, because no allegation of diligence. No affidavit, nor leave granted to file bill. Story, Eq. Pl. § 414, 415, 416, 417.

*T. J.* and *F. A. R. Wharton* for appellees.

1. The bill of review in this case was filed on the chancery side of the circuit court of Yazoo county, on the 1st day of April, 1851. It seeks a review of a decree of said court, which was enrolled at May term, 1844. The demurrer to said bill, we insist, was properly sustained. The bill was clearly barred by the statute of limitations. Seven years, less a month, had elapsed from the enrolment of the decree to the filing of the bill of review. In all the books upon equity pleading and practice, it is laid down as an established principle, that a bill of review, for errors apparent upon the face of the record, will not lie after the time when a writ of error could be brought; for courts of equity govern themselves, in this particular, by the analogy of the common law in regard to writs of error. I quote the very language in which the rule is laid down in Story, Eq. Pl. p. 429, § 410, and the authorities there referred to.

2. The decree which is sought to be reviewed was rendered in favor of Samuel H. Dinkins. It was carried into execution by a sale of the lands which were held to be subject to the satisfaction of the demand of said Dinkins, and by the purchase thereof by Daniel W. Hendricks, many years before the bill of review was filed. Said Hendricks was no party to the original bill on which said decree was founded. Yet the bill of review, instead of being filed against said Dinkins, in whose favor the said decree was rendered, is brought against said Hendricks alone, who had no privity whatever with the proceedings under the original bill and decree, but only purchased the lands sold under said decree. Instead, therefore, of being a bill of review,

Friley et al. *v.* Hendricks.

it is an original bill against a new party. If a bill of review could have been entertained at all, after such lapse of time, the decree having been enrolled and executed, it is very clear that a third party, in no way connected with the original bill and decree, could only have been introduced by and made a defendant in such bill by way of supplement. The rule of equity practice in such case is thus stated by Story in his Equity Pleadings, § 420. "A supplemental bill may likewise be added, if any event has happened which requires it; and particularly if any person, not a party to the original suit, becomes interested in the subject, he must be made a party to the bill of review by way of supplement. It may be added that all the parties to the original bill ought to be made parties to the bill of review, for it is a principle of natural justice, that no one ought to be affected by any decree without his first being heard." See also § 335; Cooper's Eq. Pl. 95; 2 Bar. Ch. Pr. 94. The objection on account of parties is twofold. 1st, that the party in whose favor the original bill was brought and decree rendered, is not made a party to the bill of review; and 2d, that Hendricks, a new party, is not made so by supplemental bill.

3. Hendricks was an innocent purchaser under a subsisting decree, and cannot be affected by any irregularities, if there be such in the original decree. On this point see authorities cited in brief of Mr. Battaile.

But it is objected on the other side, that the circuit court had not jurisdiction of the original bill, and that its decree is void for two reasons: First, because the probate court, by the constitution, has exclusive jurisdiction of all matters testamentary and of administration; second, because the amount in controversy exceeded $500, the extent of its jurisdiction in matters of equity. To the first objection it is sufficient to reply, that if it had not jurisdiction of the original bill for the cause assigned, the objection applies with quite as much force to the bill of review, and consequently all the proceedings under the latter are a nullity, and this appeal must be dismissed.

To the second we answer, that the amount in controversy in the original bill was only $220, the balance due on the judgment. The counsel has confined the price at what the land

sold, with the amount due on the judgment, to satisfy which the sale of the land was prayed by the original bill.

Mr. Justice HANDY delivered the opinion of the court.

This was a bill of review filed by the plaintiffs in error against the defendant in error on the chancery side of the circuit court of Yazoo county, under the following circumstances.

The bill alleges that in 1843, one Samuel H. Dinkins filed his bill in the same court against the appellants, who are the heirs and representatives of one James Friley, deceased, alleging that the deceased was indebted to him, and a judgment had been recovered against his administrators, and a balance was due thereon of about $200; that his personal estate was exhausted, and that his administrators refused to procure an order to sell certain real estate of which he died seized, to pay his debts, and praying that the administrators shall be decreed to pay the balance due Dinkins, or in default thereof, that the intestate's lands should be sold for that purpose; that at the May term, 1844, a decree was rendered and enrolled, ordering the sale of so much of the lands as was necessary to pay the debt, unless the same shall be paid within sixty days, and appointing a commissioner to make the sale; that the commissioner departed from the directions of the decree in selling all the lands together for a sum nearly four times as much as the amount to be paid, which is now alleged to be error; that the sale was reported and regularly confirmed by the court.

The grounds of error relied on in the bill of review are, first, that no day was given to such of the defendants to the bill and complainants in the bill of review as are therein shown to have been infants, to show cause after they became of age against the decree; second, that it was error to confirm the report of sale, as the commissioner sold more than enough of the land to pay the debt decreed; third, that the court had no jurisdiction of the case, and the decree is void.

The bill further states that Dinkins subsequently died, and that administration of his estate was granted to one Chambers, who made his final settlement, and was discharged before the bill of review was filed. Further, that they have discovered

since the above decree was rendered from the records of the probate court, in relation to the estate of the deceased Friley, that the assets of his personal estate had not been exhausted, and were sufficient to pay the claim of Dinkins, which discovery has been made within two years before the filing of the bill of review.

The defendant Hendricks is the only party made a defendant to the bill of review, he being the purchaser of the land at the commissioner's sale. The bill offers to refund to him the purchase-money paid by him with interest, and prays that thereupon the sale may be set aside or reconveyance decreed, and that the original decree may be reviewed and reversed.

To this, the defendant filed a general demurrer, which was sustained in the court and the bill dismissed, from which the case is brought here.

A preliminary objection to the bill of review is raised here under the demurrer, which is decisive of the case. This is, that the bill does not make the complainant in the decree sought to be reversed, or his representatives, parties to the proceeding.

The legal object and effect of a bill of review being to have the decree examined and reversed, it was formerly held to lie only against those who were parties to the original bill. 3 Ch. R. 94; Lubi, Eq. Pl. 129, in analogy to a proceeding in error. It was afterwards extended so as to embrace other parties in interest. Still it is held to be indispensable that all the parties to the original decree should be included. *Bank of the United States* v. *White,* 8 Peters, 268; Story, Eq. Pl. § 420. And if they are dead, their representatives must be made parties, as in other proceedings in error. The reason of this is manifest, that the proceeding being in its nature one to reverse the original decree, it would be inequitable to entertain such case without giving the party in whose favor the decree was rendered an opportunity to justify it. This being a technical bill of review, must fall by the application of this principle.

Nor is the objection obviated by taking the ground that the bill does not seek to disturb the rights of the complainant under the original decree; for that position deprives it of its essential character, and leaves it no ground to stand on. It changes its

character from a bill of review, which its whole structure and object assume it to be, to that of an original bill for relief against Hendricks, the purchaser of the property sold under the decree. Viewed in the latter aspect, the mere reversal of the decree for the errors alleged in the bill, would not divest the rights of the purchaser, who was neither a party or privy to the decree, and against whose equity no just charge is made. And so far as the decree and proceedings under it are alleged to be void for want of jurisdiction, we remark, first, that if that be true, the complainants' title to the land is not affected by the decree, and they have, for aught that appears, an ample remedy at law to recover it, and this bill shows no ground for relief in equity, regarding it as a bill for general relief against Hendricks; and, second, regarding it as a bill of review on the ground of want of jurisdiction in the chancery court, the objection is suicidal; for if there was no jurisdiction to render the original decree, there is no jurisdiction to review and reverse it.

The decree is, therefore, affirmed.